UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANCISCO SANDOVAL-NOYOLA,          )<br>                                                              )<br>                        Petitioner    )<br>                                                              )<br>        vs.                                            )<br>                                                              )<br>UNITED STATES OF AMERICA,            )<br>                                                              )<br>                        Respondent  )  | CAUSE NO. 3:05-CV-223 RM<br>(Arising out of 3:03-CR-107(01)RM) |

OPINION and ORDER

In December 2003, Francisco Sandoval-Noyola pleaded guilty to unlawfully reentering the country after deportation, in violation of 8 U.S.C. § 1326(a). He was sentenced on April 13, 2004 to a term of forty-six months' imprisonment, to be followed by a two-year term of supervised release. The court also ordered that upon his release, Mr. Sandoval-Noyola is to be remanded to the custody of the Immigration and Naturalization Service for deportation proceeding. Mr. Sandoval-Noyola is now before the court asking that his sentence be vacated pursuant to 28 U.S.C. § 2255 based on his claims of ineffective assistance of counsel.

The plea agreement between Mr. Sandoval-Noyola and the government, signed by Mr. Sandoval-Noyola, his attorney Robert Truitt, and Assistant United States Attorney Barbara Brook, contains the following language in paragraph 9(d):

> (d) I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order, or the manner in which my conviction, my sentence, any

>   restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742, or in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Although the paragraph's plain language evidences Mr. Sandoval-Noyola's agreement to not contest his sentence or the way it was determined on any ground, including ineffective assistance of counsel, he now asks, pursuant to 28 U.S.C. § 2255, that his sentence be vacated, set aside, or corrected based on his claim of ineffective assistance of counsel.

The waiver in a plea agreement of a right to appeal is enforceable, *see* United States v. Woolley, 123 F.3d 627, 631-632 (7th Cir. 1997); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997), and a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. *See* Bridgeman v. United States, 225 F.3d 589, 591-592 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). When the plea agreement contains such a waiver, a defendant's right to relief under § 2255 is limited to claims that relate "directly to the negotiation of the waiver, such as a claim that the waiver was involuntarily made, was based on an impermissible factor such as race, exceeds the statutory maximum, or was made without effective assistance of counsel." United States v. Sines, 303 F.3d 793, 798 (7th Cir. 2002). Mr. Sandoval-Noyola hasn't claimed or argued that the waiver "was involuntarily made, was based on an impermissible factor, or was made without the effective assistance of counsel." United States v. Rhodes, 330 F.3d 949, 952 (7th Cir. 2003); *see also* Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002) ("A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea.").

Mr. Sandoval-Noyola claims his offense level was wrongly increased because his counsel provided ineffective assistance, and also complains that he received ineffective assistance when his counsel didn't file an appeal on his behalf after he instructed counsel to do so. Mr. Sandoval-Noyola's

2

claims, though, are foreclosed by his plea agreement, in which he expressly waived his right to appeal his sentence or challenge his sentence "on any ground including any alleged ineffective assistance of counsel" in any petition under 28 U.S.C. § 2255. *See* United States v. Sines, 303 F.3d at 798 (courts must be careful "to enforce waivers only to the extent of the agreement"). Mr. Sandoval-Noyola isn't entitled to the relief he seeks, so his petition filed pursuant to 28 U.S.C. § 2255 (filed April 13, 2005) is SUMMARILY DENIED.

    SO ORDERED.

    ENTERED:   April 25, 2005

                                      /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court

cc:    F. Sandoval-Noyola
       B. Brook